# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MACIE J. WAGONER, INDIVIDUALLY<br>AND AS THE LEGAL REPRESENTATIVE OF<br>JAMES WAGONER, JR. | CIVIL ACTION |
| VERSUS | NUMBER: 09-07257 |
| EXXON MOBIL CORPORATION, et al | SECTION "L" (3) |

## ORDER & REASONS

Pending before the Court is Defendants Exxon Mobil Corporation ("Exxon Mobil") and Shell Oil Products Company, LLC's ("Shell") Motion for Partial Dismissal (Rec. Doc. No. 30). The Court has considered the parties' memoranda as well as the applicable law and is ready to rule. For the following reasons, the Defendants' Motion for Partial Dismissal is hereby DENIED.

## I. BACKGROUND

Plaintiff, Macie Wagoner, on behalf of herself and as the legal representative of her deceased husband, James Wagoner, filed suit on April 14, 2010, alleging claims of negligence, gross-negligence, strict liability, and wrongful death. James Wagoner died on December 15, 2009 of multiple myeloma, an alleged result of exposure to benzene. From 1975 to 2008, Wagoner worked as a home mechanic where he regularly came into contact with benzene products. In addition, Wagoner worked as a drill pipe inspector for Geo Magna-flux in Harvey, LA from 1980-83. In that position he cleaned drill pipe threads with cleaning products that contained benzene. These benzene products were manufactured, supplied, distributed, and sold by defendants Exxon Mobil, Radiator Speciality Co., and Shell. Specifically, Wagoner used Varsol produced by Exxon Mobil, Liquid Wrench produced by Radiator Speciality Co., and Gumout Carb/Fuel Injector Cleaner

produced by Shell.

Plaintiff alleges that defendants knew or should have known about the health hazards of benzene exposure and claims that defendants failed to warn Wagoner of these dangers. Further, Plaintiff claims that defendants committed tortuous acts in negligently misrepresenting, concealing, suppressing, and omitting material information about the harmful health effects of benzene and the precautionary measures that needed to be taken during its use.

## II. PRESENT MOTION

On May 28, 2010, Defendants Exxon Mobil and Shell filed the present Motion for Partial Dismissal. Defendants move to partially dismiss Plaintiff's allegation that they misrepresented, concealed, suppressed and omitted material information about the health effects of benzene. Defendants argue that the Plaintiff has failed to state her fraud claim with the particularity required pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. Specifically, Defendants argue that Plaintiff's claim fails to state what particular actions were taken by the Defendants to misrepresent, conceal, suppress, and omit information regarding the alleged health effects of benzene as it relates to Wagoner. Moreover, Defendants argue that Plaintiff's claim does not specify what misrepresentations were made by Defendants and what information was concealed, suppressed, or omitted. According to Defendants, Plaintiff's claim is speculative and conclusory, and does not satisfy the requirements of Rule 9(b).

In response, Plaintiff alleges that she properly pled fraud. Plaintiff contends that she has limited knowledge of the specifics of the alleged fraud, because the facts are mostly within the corporation's knowledge. Plaintiff alleges that her husband, as a user of a product supplied by an employer or seller who in turn had purchased the product from Shell or Exxon, would be unable to identify the names of the Defendant employees responsible for investigating product safety and

failing to issue a warning on the benzene products. Therefore, given the circumstances, Plaintiff argues that the complaint sufficiently identifies that the Defendant corporations committed fraud by misrepresenting the dangers of their products. In the alternative, if the Court finds that Plaintiff's allegations of fraud and misrepresentation are inadequate, Plaintiff seeks leave to amend and clarify her claims.

## III. LAW & ANALYSIS

### A. Standard of Review

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Unless it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the complaint should not be dismissed for failure to state a claim. *Id.* at 284-285 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not defeat a motion to dismiss. *See Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citing *Fernandez-Montes*, 987 F.2d at 284).

### B. Federal Rules of Civil Procedure 8 & 9(b)

Federal Rule of Civil Procedure 8(a)(2) requires a party's pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint does not need to provide "detailed factual allegations" to avoid dismissal for failure to state a claim, it must include more than mere "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

However, Rule 9(b) requires that when fraud is alleged, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Fifth Circuit requires that a pleading of fraud set out the time, place, and contents of false representation, including the identity of the person making the misrepresentation and the harm that occurred. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997). Rule 9(b)'s requirements may be relaxed in certain circumstances, such as when the facts relating to the fraud are "peculiarly within the perpetrator's knowledge." *U.S. ex rel. Doe v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003).

### C. Plaintiff's "Fraud" Claim

### a. Fraud Claim

Under Louisiana law, fraud is "a misrepresentation or suppression of the truth made with the intention either to obtain an unjust advantage over another or to cause loss or inconvenience to another." La. Civ.Code Ann. art.1953. In order to establish fraud, a plaintiff must show: 1) a misrepresentation, suppression, or omission of true information; 2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; 3) the error induced by the fraud must relate to a circumstance substantially influencing the victim's consent to the contract. *Id*. Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily constitute fraud even if the term "fraud" is not used. *See In Re Hollander*, No. 09-3355, 2009 WL 2707445, at *4 (E.D. La. Aug. 25, 2009) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003)).

In the instant case, Defendants seek to dismiss Plaintiff's "fraud" claim under Rule 9(b) for failure to plead with particularity. Defendants claim that "even if [Plaintiff's] allegations were true, they would not come close to establishing a claim for fraud." Rec. Doc. No. 30-1, at 4. While Defendants may be correct, this Court can find no claim for fraud in Plaintiff's pleading. The allegations in Plaintiff's complaint neither mention the word "fraud," nor allege facts that would

necessarily constitute fraud. Nowhere in the complaint does Plaintiff allege facts of intentional or even reckless misrepresentation. When Defendants refer to the complaint's "fraud allegation," they cite to Plaintiff's claim that Defendants failed "to refrain from negligently misrepresenting the safety and health risks of the products they sold." Rec. Doc. No. 23, ¶30. However, negligent misrepresentation is a separate and distinct cause of action under Louisiana law. Further, Plaintiff has labeled her claims: Negligence, Strict Liability, and Wrongful Death. Fraud is not included among these labels. While fraud need not be expressly alleged, Plaintiff does need to allege facts sounding in intentional misrepresentation. Here, no such facts exist. Therefore, this Court finds no claim for fraud was ever made.

**b. Negligent Misrepresentation Claim**

The claim Defendants appear to be addressing in their motion is not a fraud claim, but rather a negligent misrepresentation claim. Thus, the Court will address whether Plaintiff's negligent misrepresentation claim has been adequately pled. The Fifth Circuit has held that negligent misrepresentation claims are only subject to the liberal pleading requirements of Rule 8(a).[1] *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx. 662, 668 (5th Cir. 2004). Accordingly, Plaintiff's pleading must satisfy the requirements of Rule 8(a). Plaintiff has provided sufficient facts to establish that Defendants knew or should have known of the dangers of benzene exposure and that they breached their duty to the decedent by failing to warn him of these health hazards. The Court finds that Plaintiff has adequately pled a claim for negligent misrepresentation.

---

[1] The Fifth Circuit has applied Rule 9(b)'s heightened pleading requirements to negligent misrepresentation claims where the plaintiff has pled both fraud and negligent misrepresentation based on the same alleged facts. *Bamburg v. Axis Onshore LP*, No. 08-1466, 2009 WL 1579512, at *10 (W.D. La. June 4, 2009) (citing *Benchmark Electronics, Inc. v. J/M/ Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003)). However, this Court finds no fraud claim alleged. Thus, this negligent misrepresentation claim is subject only to the requirements of Rule 8(a).

**IV. Conclusion**

Accordingly, Defendants' Motion for Partial Dismissal (Rec. Doc. No. 30) is hereby DENIED.

New Orleans, Louisiana this 9th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE